**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

**CINCINNATI INSURANCE COMPANY,**        )
                                         )
    **Plaintiff,**                       )
                                         )
**v.**                                   )        **Civil Action No: 3:06: CV 733-DRB**
                                         )
**JOSEPH DONALD PRATHER and**            )
**LINDA PRATHER,**                       )
                                         )
    **Defendants.**                      )

## MOTION TO DISMISS

COMES NOW Defendants, Joseph Donald Prather and Linda Prather, by and through their counsel of record in the above style cause, and moves this court to dismiss the above-entitled action on the grounds that the Plaintiff has failed to Join Indispensable Parties Pursuant to Rule 19 of the Federal Rules of Civil Procedure and/or Plaintiff has improperly attempted to remove "this action" to this Court:

1.    Jason Swader, of 2173 County Road 187, Lanett, Alabama 36863, is a party whose joinder is indispensable and necessary to the just adjudication of this action, and that such person has not been made a party to this action; and that a rendition of judgment in this action without such person as a party would be wholly inadequate to the present parties.

2.    Tracy Swader, of 2173 County Road 187, Lanett, Alabama 36863, is a party whose joinder is indispensable and necessary to the just adjudication of this action, and that such person has not been made a party to this action; and that a rendition of judgment in this action without such person as a party would be

wholly inadequate to the present parties.

3.    Steven Bullard, of 3305 21st Avenue, Valley, Alabama 36854, is a party whose

joinder is indispensable and necessary to the just adjudication of this action, and

that such person has not been made a party to this action; and that a rendition of

judgment in this action without such person as a party would be wholly

inadequate to the present parties.

4.    There is an action pending that was previously filed regarding the basis of this

Complaint for Declaratory Judgment.  Jason and Tracy Swader sued Steven

Bullard and Plaintiff Cincinnati Insurance Company ("CIC") on or about April 18,

2006 in the Circuit Court of Chambers County, Alabama, Civil Action No.: 2006-

82. (See Attached)

5.    CIC filed an answer to Jason and Tracy Swaders' Complaint that sought

Uninsured/Underinsured Motorist Benefits on or about May 22, 2006. (See

Attached)

6.    CIC also filed a Subpoena for Production of Documents Under Rule 45 in the

Circuit Court of Chambers County.

7.    In filing this declaratory actions, CIC is trying to circumvent the Alabama Rules of

Civil Procedure by asking this Court to rule on a this matter. CIC should have

filed a motion to have the original action removed to this Court.  CIC did not seek

to have the original action removed because venue is proper in the Circuit Court

of Chambers County, and an attempt to have it removed would have been swiftly

denied.

8.    CIC could have/should have filed a Motion for Summary Judgment in the Circuit

Court of Chambers County to resolve the issues raised in its Complaint for

Declaratory Judgment.

9.  CIC is simply venue shopping.  The Circuit Court of Chambers County has

jurisdiction over this matter and is fully capable of rendering the correct judgment.


WHEREFORE the Defendants, Joseph Donald Prather and Linda Prather,

respectfully request that this Honorable Court dismiss this action without prejudice.

**DILLARD & ASSOCIATES, L.L.C**
**Attorneys for Plaintiffs**

s/ Timothy L. Dillard
Timothy L. Dillard (DIL003)
The Berry Building, Suite 400
2015 Second Avenue North
Birmingham, Alabama 35203
(205) 251-2823

**TRIAL COUNSEL:**
Timothy L. Dillard (DIL 003)
Stewart S. Wilbanks (WIL 312)


## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2006, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:


**Jennifer T. Dewees**
2001 Park Place North, Suite 911
Birmingham, Alabama 35203

**Steven Bullard**
3305 21st Avenue
Valley, AL 36854-3138


s/ Timothy L. Dillard
Of Counsel

## IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

JASON SWADER, an individual, and )
TRACY SWADER, an individual )
                               )
      Plaintiffs, )
                                 )
      v. )          Civil Action No: _____
                                 )
STEVEN BULLARD, an individual; )
CINCINNATI INSURANCE COMPANY, a )
corporation; Defendants 3, 4, and 5, those )
persons, firms or corporations for whose benefit )
the vehicle involved in the incident made the )
basis of this complaint was being operated; )
Defendants 6, 7, and 8, those persons, firms or )
entities who owned and/or negligently entrusted )
the vehicles in question to Steven Bullard; )
Defendants 9, 10, and 11, those persons, firms or )
corporations responsible for the inspection, )
maintenance and repair of the vehicle involved )
in the incident made the basis of this )
complaint; Defendants 12, 13, and 14, the )
persons or institutions responsible for the )
incident made the basis of the complaint; )
Defendants 15, 16, and 17, the owners, )
operators and/or employers of the operator )
of the vehicle involved in the incident made the )
basis of this complaint; whose true names and )
legal identities are unknown at this time but will )
be added by amendment when ascertained, )
                                 )
      Defendants. )

FILED IN OFFICE

APR 1 8 2006

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

### COMPLAINT

### Count One

### Negligence/Wantonness

1.    The Plaintiff, Jason Swader, is over the age of nineteen (19) and is a resident of

Chambers County, Alabama.

2.    The Plaintiff, Tracy Swader, is over the age of nineteen (19) and is a resident of

Chambers County, Alabama

3.    The Defendant, Steven Bullard, is a resident of Chambers County, Alabama.

4.    The Defendant, Cincinnati Insurance Company, is a foreign corporation doing business in

Chambers County, Alabama.

5.    On or about Feburary 3, 2006, the Plaintiffs, Jason Swader and Tracy Swader were

passengers in the vehicle driven by the Defendant, Steven Bullard.  Due to Defendant's

negligent and/or wanton conduct the automobile operated by Defendant, Steven Bullard,

VIN#: 2G2FU22P4P2213516, was caused to strike a tree, to wit: on a private road, inside

Schaffer Heard Park, Troup County, Georgia.

6.    As a direct and proximate consequence of the Defendant's negligence and/or wantonness,

the Plaintiffs suffered the following injuries and damages:

**The Plaintiff, Jason Swader, suffered injuries to his neck,
back, and shoulder; Plaintiff was bruised and contused about
the various and separate parts of his body;  Plaintiff incurred
and in the future will incur great sums of medical expenses and
bills to heal and cure his injuries; Plaintiff was caused to suffer
severe emotional distress and mental anguish; Plaintiff was
permanently injured; Plaintiff was caused to suffer the loss of
consortium of his wife, Tracy Swader.**

**The Plaintiff, Tracy Swader, suffered injuries to her neck,
back, and shoulder; Plaintiff was bruised and contused about
the various and separate parts of her body;  Plaintiff incurred
and in the future will incur great sums of medical expenses and
bills to heal and cure her injuries; Plaintiff was caused to
suffer severe emotional distress and mental anguish; Plaintiff
was permanently injured; Plaintiff was caused to suffer the
loss of consortium of her husband, Jason Swader.**

WHEREFORE, the Plaintiffs demand judgment of the Defendant in an amount in excess

of FIFTY THOUSAND DOLLARS ($50,000.00) to be determined by a jury in compensatory and

punitive damages, plus interest and costs of court.

## Count Two

## Uninsured/Underinsured Motorist Benefits

7.    Plaintiffs adopt and reallege paragraphs one (1) through six (6) of the Complaint herein and further aver that:

8.    At the time of the incident made the basis of this lawsuit, the Defendant, Steven Bullard, was an uninsured and/or underinsured motorists.

9.    Plaintiffs further aver that in accordance with the terms of the contract, the Defendant, Cincinnati Insurance Company, is obligated to pay for some or all of the Plaintiffs' injuries and damages.

10.    At the time of said incident made the basis of this Complaint, the Plaintiffs were engaged in a valid contractual relationship with the Defendant, Cincinnati Insurance Company.

11.    Said contract provided uninsured/underinsured motorist coverage.  At the time of said incident all contractual requirements were met and said contract was in full force and effect.

WHEREFORE, the Plaintiffs demand judgment of the Defendants in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) to be determined by a jury in compensatory and punitive damages, plus interest and costs of court.

## Count Three

12.    Plaintiffs reallege and incorporate paragraphs one (1) through eleven (11) of the Complaint herein and further aver that:

13.    Defendants 3, 4, and 5 are those persons, firms or corporations for whose benefit the vehicle involved in the incident made the basis of this complaint was being operated.

WHEREFORE, the Plaintiffs demand judgment of the Defendants in an amount in excess

of FIFTY THOUSAND DOLLARS ($50,000.00) to be determined by a jury in compensatory and

punitive damages, plus interest and costs of court.

## Count Four

14.   Plaintiffs reallege and incorporate paragraphs one (1) through thirteen (13) of the

Complaint herein and further aver that:

15.   Defendants 6, 7, and 8 are those persons, firms or entities who owned and/or negligently

entrusted the vehicle in question to Steven Bullard.

WHEREFORE, the Plaintiffs demand judgment of the Defendants in an amount in excess

of FIFTY THOUSAND DOLLARS ($50,000.00) to be determined by a jury in compensatory and

punitive damages, plus interest and costs of court.

## Count Five

16.   Plaintiffs reallege and incorporate paragraphs one (1) through fifteen (15) of the

Complaint herein and further aver that:

17.   Defendants 9, 10, and 11 are those persons, firms or corporations responsible for the

inspection, maintenance and repair of the vehicle made the basis of this Complaint.

WHEREFORE, the Plaintiffs demand judgment of the Defendants in an amount in excess

of FIFTY THOUSAND DOLLARS ($50,000.00) to be determined by a jury in compensatory and

punitive damages, plus interest and costs of court.

## Count Six

18.   Plaintiffs reallege and incorporate paragraphs one (1) through seventeen (17) of the

Complaint herein and further aver that:

19.   Defendants 12, 13, and 14 are the persons or institutions responsible for the incident made

the basis of the Complaint.

WHEREFORE, the Plaintiff demands judgment of the Defendants in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) to be determined by a jury in compensatory and punitive damages, plus interest and costs of court.

### Count Seven

20.    Plaintiffs reallege and incorporates paragraphs one (1) through nineteen (19) of the Complaint herein and further aver that:

21.    Defendants 15, 16, and 17 are the owners, operators and/or employers of the operator of the vehicle involved in the incident made the basis of this Complaint.

WHEREFORE, the Plaintiffs demand judgment of the Defendants in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) to be determined by a jury in compensatory and punitive damages, plus interest and costs of court.

Plaintiffs further aver that all Defendants, both fictitious and named, are guilty of the above-described causes and/or theories of recovery in a joint and several fashion and each count of the Complaint is intended to apply to each of the fictitious and named Defendants to the extent it is applicable to same.

WHEREFORE, the Plaintiffs demand judgement of the Defendant in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) in compensatory and punitive damages to be determined by a struck jury, plus interest and costs of court.

**DILLARD & ASSOCIATES, L.L.C.**
**Attorneys for the Plaintiff**

Timothy L. Dillard (DIL 003)
The Berry Building, Suite 400
2015 Second Avenue North

Birmingham, Alabama 35203
(205) 251-2823

**Trial Counsel**:
Timothy L. Dillard (DIL 003)
Stewart S. Wilbanks (WIL 312)

**\*\* PLAINTIFFS DEMAND TRIAL BY STRUCK JURY\*\***

OF COUNSEL

**Defendants' Addresses:**          **(Please serve all by certified mail)**

**Steven Bullard**
1405 16th Place
Valley, AL 36854

**Cincinnati Insurance Company**
C/o Jack Criswell
2001 Park Place Tower
Suite 911
Birmingham, Alabama   35203

## IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

| | | |
|---|---|---|
| JASON SWADER and TRACY SWADER | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CV 2006-82 |
| | ) | |
| STEVEN BULLARD; CINCINNTI INSURANCE COMPANY, et al. | ) | |
| | ) | |
| Defendants | ) | |

## ANSWER

COMES NOW one Defendant, The Cincinnati Insurance Company (hereinafter referred to as "CIC"), by and through its attorney, and files these its Rule 12 affirmative defenses to the Complaint filed against it in this matter as follows:

### AFFIRMATIVE DEFENSE NUMBER ONE

Plaintiffs' complaint fails to state a claim upon which relief can be granted.

### AFFIRMATIVE DEFENSE NUMBER TWO

Plaintiffs' complaint fails to join parties under Rules 17, 19 and 20.

### AFFIRMATIVE DEFENSE NUMBER THREE

~~That the applicable statute or statutes of limitations or other periods of~~ proscription bar some or all of the claims asserted by the Plaintiffs herein.

### AFFIRMATIVE DEFENSE NUMBER FOUR

That some or all of the claims asserted by the Plaintiffs herein should be dismissed because this Honorable Court lacks jurisdiction of the subject matter of the instant action.

### AFFIRMATIVE DEFENSE NUMBER FIVE

That some or all of the claims asserted by the Plaintiffs herein should be dismissed because this Honorable Court lacks jurisdiction of the person, persons or entities referenced herein above.

### AFFIRMATIVE DEFENSE NUMBER SIX

That some or all of the claims asserted by the Plaintiffs herein should be dismissed by this Honorable Court due to insufficiency of process and/or insufficiency of service of process over the above referenced Defendant, CIC.

### AFFIRMATIVE DEFENSE NUMBER SEVEN

That some or all of the claims asserted by the Plaintiffs herein are barred by the equitable doctrines of waiver, estoppel or laches.

**AND NOW,** having raised its Rule 12 affirmative defenses, Defendant, CIC, answers the Plaintiffs' complaint brought against it paragraph by paragraph as follows:

**1.**

Answering Defendant, CIC, is without sufficient information to either confirm or deny the allegations in Paragraph 1 of the Complaint, and therefore, denies same and demands strict proof thereof.

**2.**

Answering Defendant, CIC, is without sufficient information to either confirm or deny the allegations in Paragraph 2 of the Complaint, and therefore, denies same and demands strict proof thereof.

**3.**

Answering Defendant, CIC, is without sufficient information to either confirm or deny the allegations in Paragraph 3 of the Complaint, and therefore, denies same and demands strict proof thereof.

**4.**

Admit

**5.**

Answering Defendant, CIC, is without sufficient information to either confirm or deny the allegations in Paragraph 5 of the Complaint, and therefore, denies same and demands strict proof thereof.

**6.**

Answering Defendant, CIC, is without sufficient information to either confirm or deny the allegations in Paragraph 6 of the Complaint, and therefore, denies same and demands strict proof thereof.

As to the unnumbered paragraph at the bottom of the unnumbered page 2 of the Complaint, beginning "Wherefore, the Plaintiffs demand judgment of the Defendant . . . .", Defendant, CIC, specifically denies that Plaintiffs are entitled to recover any amount either compensatory or punitive and further denies that Plaintiffs are entitled to recover any amount whatsoever.

<u>COUNT TWO</u>

<u>UNINSURED/UNDERINSURED MOTORIST BENEFITS</u>

**7.**

Insomuch as Plaintiffs adopt and reallege Paragraphs 1 through 6 of the

Complaint, Defendant, CIC, adopts and realleges all previous asserted affirmative

defenses, answers and denials.

**8.**

Defendant, CIC, is without sufficient information to either confirm or deny the

allegations contained in Paragraph 8, Count 2 of the Complaint, and therefore, denies

same and demands strict proof thereof.

**9.**

Defendant, CIC, is without sufficient information to either confirm or deny the

allegations contained in Paragraph 9, Count 2 of the Complaint, and therefore, denies

same and demands strict proof thereof.

**10.**

Denied.

**11.**

Defendant, CIC, avers that the named insured, Don or Linda Prather, had me thte

contractual requirements referred to in Paragraph 11, Count 2 but specifically denies the

remaining allegations.

As to the unnumbered Paragraph immediately proceeding Count Three of the

Complaint on the unnumbered page 3 of the Complaint beginning, "Wherefore, the

4

Plaintiffs demand judgment of the Defendants in an amount in excess . . . .", Defendant,

CIC, denies that Plaintiffs are entitled to either compensatory or punitive damages and

further denies that Plaintiffs are entitled to recover any amount whatsoever.

COUNT THREE

**12.**

Insomuch as Plaintiffs adopt and reallege Paragraphs 1 through 11 of the

Complaint, Defendant, CIC, adopts and realleges all previous asserted affirmative

defenses, answers and denials.

**13.**

Defendant, CIC, is without sufficient information to either confirm or deny the

allegations in Paragraph 13 of the Complaint, and therefore, denies same and demands

strict proof thereof.

As to the unnumbered Paragraph at the bottom of the unnumbered page 3 of the

Complaint beginning, "Wherefore, the Plaintiffs demand judgment of the Defendants in

an amount in excess . . . .", Defendant, CIC, denies that Plaintiffs are entitled to either

compensatory or punitive damages and further denies that Plaintiffs are entitled to

recover any amount whatsoever.

COUNT FOUR

**14.**

Insomuch as Plaintiffs adopt and reallege Paragraphs 1 through 13 of the Complaint, Defendant, CIC, adopts and realleges all previous asserted affirmative defenses, answers and denials

**15.**

Answering Defendant, CIC, is without sufficient information to either confirm or deny the allegations in Paragraph 15 of the Complaint, and therefore, denies same and demands strict proof thereof.

As to the unnumbered Paragraph in the top middle portion of the unnumbered page 4 of the Complaint beginning, "Wherefore, the Plaintiffs demand judgment of the Defendants in an amount in excess . . . .", Defendant, CIC, denies that Plaintiffs are entitled to either compensatory or punitive damages and further denies that Plaintiffs are entitled to recover any amount whatsoever.

COUNT FIVE

**16.**

Insomuch as Plaintiffs adopt and reallege Paragraphs 1 through 15 of the Complaint, Defendant, CIC, adopts and realleges all previous asserted affirmative defenses, answers and denials

**17.**

Answering Defendant, CIC, is without sufficient information to either confirm or deny the allegations in Paragraph 17 of the Complaint, and therefore, denies same and demands strict proof thereof.

As to the unnumbered Paragraph toward the bottom portion of the unnumbered page 4 of the Complaint beginning, "Wherefore, the Plaintiffs demand judgment of the Defendants in an amount in excess . . . .", Defendant, CIC, denies that Plaintiffs are entitled to either compensatory or punitive damages and further denies that Plaintiffs are entitled to recover any amount whatsoever.

COUNT SIX

18.

Insomuch as Plaintiffs adopt and reallege Paragraphs 1 through 17 of the Complaint, Defendant, CIC, adopts and realleges all previous asserted affirmative defenses, answers and denials

19.

Answering Defendant, CIC, is without sufficient information to either confirm or deny the allegations in Paragraph 19 of the Complaint, and therefore, denies same and demands strict proof thereof.

As to the unnumbered Paragraph at the top of the unnumbered page 5 of the Complaint beginning, "Wherefore, the Plaintiffs demand judgment of the Defendants in an amount in excess . . . .", Defendant, CIC, denies that Plaintiffs are entitled to either compensatory or punitive damages and further denies that Plaintiffs are entitled to recover any amount whatsoever.

<u>COUNT SEVEN</u>

**20.**

Insomuch as Plaintiffs adopt and reallege Paragraphs 1 through 17 of the Complaint, Defendant, CIC, adopts and realleges all previous asserted affirmative defenses, answers and denials

**21.**

Answering Defendant, CIC, is without sufficient information to either confirm or deny the allegations in Paragraph 19 of the Complaint, and therefore, denies same and demands strict proof thereof.

As to the unnumbered Paragraph in the middle of the unnumbered page 5 of the Complaint beginning, "Wherefore, the Plaintiffs demand judgment of the Defendants in an amount in excess . . . .", Defendant, CIC, denies that Plaintiffs are entitled to either compensatory or punitive damages and further denies that Plaintiffs are entitled to recover any amount whatsoever.

As to the third unnumbered Paragraph on the unnumbered page 5 of the Complaint beginning, "Plaintiffs aver that all Defendants . . . .", Defendant, CIC denies the allegations contained therein as the allegations pertain to CIC; otherwise, denied.

As to the fourth unnumbered Paragraph on the unnumbered page 5 of the Complaint, beginning, "Wherefore, the Plaintiffs demand judgment of the Defendant in an amount in excess . . . .", Defendant, CIC, denies that Plaintiffs are entitled to either compensatory or punitive damages and further denies that Plaintiffs are entitled to recover any amount whatsoever.

**AND NOW**, having raised its Rule 12 affirmative defenses and answered the Complaint brought against it count-by-count and paragraph-by-paragraph, Defendant, CIC, raises these, its additional affirmative defenses as follows:

### AFFIRMATIVE DEFENSE NUMBER EIGHT

Defendant, CIC, reserves its right to amend its answer and affirmative defenses and to assert any claim for sanctions following discovery in this matter pursuant to the *Alabama Rules of Civil Procedure*. Defendant, CIC, further incorporates herein by reference any and all other defenses that may be asserted by any co-defendant or future defendant to the extent that those defenses are not inconsistent with Defendant's, CIC, denial of any and all liability for the Plaintiffs' alleged losses or damages.

### AFFIRMATIVE DEFENSE NUMBER NINE

Defendant, CIC, affirmatively pleads that Plaintiffs failed to allow Defendant, CIC, adequate time to investigate Plaintiffs' claim prior to filing suit and has therefore been prejudiced and, as such, some or all of the claims asserted by Plaintiffs against Defendant, CIC, are due to be dismissed.

### AFFIRMATIVE DEFENSE NUMBER TEN

~~Defendant, CIC, affirmatively pleads that Plaintiffs failed to follow the law set~~ forth in Lambert v. State Farm Mut. Auto. Ins. Co., 576 So.2d 160 (Ala. 1991) and therefore jeopardized Defendant's, CIC, rights and opportunities set forth therein, including but not limited to, allowance of a reasonable time to investigate and evaluate the claim present to Defendant, CIC, before filing suit and as such some or all of the claims asserted by Plaintiffs against Defendant, CIC, are due to be dismissed.

### AFFIRMATIVE DEFENSE NUMBER ELEVEN

Defendant, CIC, affirmatively pleads that Plaintiffs failed to follow the law set forth in <u>Progressive Specialty Ins. Co. v. Hammonds</u>, 551 So.2d 333 (Ala. 1989) and therefore jeopardized Defendant's, CIC, right to protect its subrogation interest, and as such some or all of the claims asserted by Plaintiff against Defendant, CIC, are due to be dismissed.

### AFFIRMATIVE DEFENSE NUMBER TWELVE

Defendant, CIC, affirmatively pleads that the alleged injuries and/or damages sustained by Plaintifffs were the direct and proximate result of the negligence of the Plaintiffs either solely or contributorily.

### AFFIRMATIVE DEFENSE NUMBER THIRTEEN

Defendant, CIC, affirmatively pleads assumption of the risk.

### AFFIRMATIVE DEFENSE NUMBER FOURTEEN

That some or all of the claims asserted by the Plaintiffs herein should be dismissed because the Plaintiffs solely assumed the risk of injury and damages resulting therefrom and that Plaintiffs' actions were the sole and proximate cause of any injuries and damages claimed herein.

### AFFIRMATIVE DEFENSE NUMBER FIFTEEN

That some or all of the claims asserted by the Plaintiffs should be dismissed by this Honorable Court due to the fact that the actions and/or omissions of the Plaintiffs herein were the sole and proximate cause of the alleged damages complained of herein; or alternatively, that the actions and/or omissions of the Plaintiffs herein were a substantial contributing cause to the alleged damages complained of herein.

## AFFIRMATIVE DEFENSE NUMBER SIXTEEN

Defendant, CIC, affirmatively pleads that the Plaintiffs failed to make reasonable efforts to avoid the injuries and damages for which the complaint is made.

## AFFIRMATIVE DEFENSE NUMBER SEVENTEEN

Defendant, CIC, affirmatively pleads that the Plaintiffs have failed to mitigate the damages for which the complaint is made.

## AFFIRMATIVE DEFENSE NUMBER EIGHTTEEN

The Defendant, CIC, affirmatively pleads that the Plaintiffs' alleged injuries and resulting damages are solely the result of a pre-existing injury, infirmity or disease, and that the alleged negligent acts of the Defendant, CIC, did not in whole or in any part contribute to the alleged injuries or resulting damages which Plaintiffs claim.

## AFFIRMATIVE DEFENSE NUMBER NINETEEN

Defendant, CIC, affirmatively pleads that any loss, damage or injury sustained by the Plaintiffs was proximately caused or contributed to by superseding acts or intervening causes, which were unforeseeable to the Defendant, CIC, and that the same were not caused by any act or omission on part of the Defendant, CIC.

## AFFIRMATIVE DEFENSE NUMBER TWENTY

The Defendant, CIC, affirmatively pleads that the Plaintiffs' injuries or damages, if any, alleged in this case were not due in whole or part to any act of commission or omission by Defendant, CIC, but said injuries and damages, if any, were solely due to the negligence or acts of persons or entities other than Defendant, CIC, and for whom Defendant, CIC, have no responsibility or are caused by conditions or circumstances beyond the control of Defendant, CIC.

## AFFIRMATIVE DEFENSE NUMBER TWENTY-ONE

Defendant, CIC, affirmatively pleads that Plaintiffs lack standing.

## AFFIRMATIVE DEFENSE NUMBER TWENTY-TWO

Defendant, CIC, reserves its right to amend its answer and affirmative defenses and to assert any claim for sanctions following discovery in this matter pursuant to the Alabama Rules of Civil Procedure.  Defendant, CIC, further incorporates herein by reference any and all other defenses that may be asserted by any co-defendant or future defendant to the extent that those defenses are not inconsistent with Defendant's, CIC, denial of any and all liability for the Plaintiffs' alleged losses or damages.

## AFFIRMATIVE DEFENSE NUMBER TWENTY-THREE

Defendant, CIC, affirmatively pleads the applicable provisions of the Alabama Litigation Accountability Act, §12-19-272, Alabama Code (1975, *as amended*), *et seq*.

## AFFIRMATIVE DEFENSE NUMBER TWENTY-FOUR

Defendant, CIC, specifically pleads protection from collusion between tortfeasor and plaintiff, pursuant to <u>Lambert</u>.

## AFFIRMATIVE DEFENSE NUMBER TWENTY-FIVE

Defendant, CIC, affirmatively pleads § 32-7-23, Ala. Code (1975, *as amended*).

## AFFIRMATIVE DEFENSE NUMBER TWENTY SIX

Defendant, CIC, affirmatively pleads that every element of the Plaintiffs claim for punitive damages must be proved beyond a reasonable doubt because without such proof, said claim would violate Defendant's, CIC, due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and under Article 1, Sections 1,6 and 22 of the Constitution of the State of Alabama.

### AFFIRMATIVE DEFENSE NUMBER TWENTY SEVEN

Defendant, CIC, affirmatively pleads that an award of punitive damages to the Plaintiffs under Alabama law by a jury that is not instructed on the principles of deterrent and punishment as limiting factors on punitive damages and not instructed to award solely that amount of punitive damages reflecting a principled relationship between the amount of punitive damages and actual harm suffered by the Plaintiffs would violate Defendant's, CIC, due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and guaranteed by Article 1, Sections 1,6 and 22 of the Constitution of the State of Alabama.

### AFFIRMATIVE DEFENSE NUMBER TWENTY EIGHT

Defendant, CIC, affirmatively pleads that an award of punitive damages to the Plaintiffs for that an assessment of punitive damages in excess of the amount that would be assessed under the criminal statutes of the Alabama Criminal Code violates the Eighth Amendment to the United States Constitution and Article 1, Section 15, of the Constitution of the State of Alabama.

### AFFIRMATIVE DEFENSE NUMBER TWENTY NINE

Defendant, CIC, affirmatively pleads that a punitive damages award of the amount requested is impermissible under the excessive fines clause of the Eighth Amendment to the United States Constitution.

### AFFIRMATIVE DEFENSE NUMBER THIRTY

Defendant, CIC, affirmatively pleads the ratio rule enunciated by the United States Supreme Court in State Farm v. Campbell, 538 U.S. 408, 418 (U.S. 2003).

## AFFIRMATIVE DEFENSE NUMBER THIRTY-ONE

Defendant, CIC, affirmatively pleads that a lack of sufficient standards governing punitive damages awards in Alabama, violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States of America.

## AFFIRMATIVE DEFENSE NUMBER THIRTY-TWO

Plaintiffs' claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof that is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against the defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages that

14

thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and, thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States constitution; and

(g)    The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

**AFFIRMATIVE DEFENSE NUMBER THIRTY-THREE**

Plaintiffs' claim of punitive damages violates the Due Process Clause of Article I Section 6, of the Constitution of Alabama, based on the following grounds:

(a)    It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the Plaintiff satisfying a burden of proof less than the "beyond the reasonable doubt" burden of proof required in criminal cases;

(b)    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this Defendant, CIC;

(c)    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

(e)    The award of punitive damages in this case constituted a deprivation of property without due process of law.

## AFFIRMATIVE DEFENSE NUMBER THIRTY-FOUR

Plaintiffs' attempt to impose punitive damages or extra contractual damages on this defendant, on the basis of vicarious liability for the conduct of others, violates the fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

## AFFIRMATIVE DEFENSE NUMBER THIRTY-FIVE

The award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States constitution.

## AFFIRMATIVE DEFENSE NUMBER THIRTY-SIX

The procedures pursuant to which punitive damages are awarded permit the imposition of excess fines in violation of Article 1, Section 15, of the Constitution of Alabama.

## AFFIRMATIVE DEFENSE NUMBER THIRTY-SEVEN

This Defendant, CIC, specially pleads the limitations set forth in Section 6-11-21 of the Alabama Code.

## AFFIRMATIVE DEFENSE NUMBER THIRTY-EIGHT

This Defendant, CIC, pleads the $250,000 cap and avers that the abolishment of the cap by the Alabama Supreme Court was unconstitutional and without effect.

## AFFIRMATIVE DEFENSE NUMBER THIRTY-NINE

This Defendant, CIC, avers that the Alabama Supreme Court cannot abolish the $250,000 cap for punitive damages established by the legislature and the attempt to abolish the cap violates the Constitutions of the United States and the State of Alabama.

## AFFIRMATIVE DEFENSE NUMBER FORTY

The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits Alabama from imposing a grossly excessive punishment by way of punitive damages on this Defendant, CIC.

## AFFIRMATIVE DEFENSE NUMBER FORTY-ONE

Defendant, CIC, affirmatively pleads the Sudden Emergency Doctrine.

**AND NOW,** having raised its Rule 12 affirmative defenses, answered the Complaint brought against it county-by-count and paragraph-by-paragraph, and raised its additional affirmative defenses, Defendant, The Cincinnati Insurance Company, respectfully requests this Honorable Court to dismiss this cause against it, taxing all costs to the Plaintiffs.

**RESPECTFULLY SUBMITTED** this the 22nd day of May 2006.

Jennifer T. DeVees (DEW 005)

Attorney for The Cincinnati Insurance Company

2001 Park Place North
Suite 911
Birmingham, Alabama 35203
205.251.9958

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on counsel for all parties by placing same in the United States mail; postage prepaid, on today's date, _May 22_____, 2006.

Timothy L. Dillard
Dillard & Associates, L.L.C.
Fourth Floor, Berry Building
2015 Second Avenue North
Birmingham, AL 35203
*Attorney for Plaintiffs*

Steven Bullard
1405 16th Place
Valley, AL 36854

Jennifer T. Dewees (DEW 005)