**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **CINCINNATI INSURANCE COMPANY** )<br>) | |
|     **Plaintiff,** )<br>) | |
| **v.** ) | **CV-3:06-CV-00733-MHT** |
| ) | |
| **JOSEPH DONALD PRATHER** )<br>) | |
|     **Defendant.** )<br>) | |

**RESPONSE BRIEF IN OPPPOSITION TO DEFENDANTS'
MOTION TO DISMISS**

**COMES NOW,** The Cincinnati Insurance Company ("CIC") by and through undersigned counsel of record and files this its Response in Opposition to Defendants' Motion to Dismiss:

**STATEMENT OF FACTS**

Jason Swader and Tracy Swader ("Swaders") sued Steven Bullard ("Bullard") and Cincinnati Insurance Company on or about April 18, 2006 in the Circuit Court of Chambers County, Alabama. Swaders allege that on or about February 3, 2006, the Swaders were passengers in a vehicle driven by Bullard. Swaders allege that due to Bullard's negligent and/or wanton conduct the automobile operated by Bullard, was involved in a single car accident.

The Swaders seek UM/UIM benefits from CIC under a policy issued to Don Prather and to Linda Prather. CIC issued to the Prathers a policy of insurance known generally as Personal Auto Policy. The policy number is A01 0134532 and the effective dates are March 26, 2005 through March 26, 2006. At the time of the incident made basis if this suit, Don Prather and Linda Prather were the named listed insureds. Neither Tracy Swader, the daughter of the named listed insureds,

nor Jason Swader, son-in-law of the named insureds, were named listed insureds. In addition, neither Tracy Swader and Jason Swader were members of the Prathers' household.

At the time of the incident made basis if this suit, the following vehicles were covered automobiles under said policy

| | | | |
|---|---|---|---|
| 1993 | Chevrolet Van | VIN# | 1GCDG15Z8PF333497 |
| 1997 | Ford Explorer | VIN# | 1FMDU32X6VUD31579 |
| 2003 | Honda Accord LX | VIN# | 1HGCM56333A075579 |
| 1998 | Nissan/Datsun Pickup | VIN# | 1N6ND06S7GC345261 |
| 1986 | Ford F150 | VIN# | 1FTEF14N8GLA29352 |

Swaders are seeking coverage for vehicle bearing VIN#: 2G2FU22P4P2213516, which vehicle is not covered by the referenced policy nor was it involved in the incident made the basis of the suit pending in Chambers County, Alabama.

## **ARGUMENT**

The rule has long been established that the existence of a case in one court does not defeat jurisdiction in another. ERWIN CHERMERINSKY, FEDERAL JURISDICTION §14.2 (2nd ed. 1994). There is an exception to this rule; that is, actions involving real property. Donovan v. City of Dallas, 377 U.S. 408, 412 (1964). This rule was implemented to prevent inconsistent divisions of real property. Colorado River Water Conservation Distr. v. United States, 424 U. S. 800, 819 (1976). Real property is not the issue of CIC's Declaratory Judgment Action nor is it the basis of the State Court proceeding. The issue of the State Court proceeding is based on an alleged tort. The issue in the Federal Court is whether the Swaders are entitled to coverage under the Prathers' policy of insurance. The Swaders are not a party to the Federal Court action and neither is the alleged tort-feasor. The actions are not duplicitous. CIC seeks a determination from this Honorable Court as to whether the Swaders can legally make a claim on someone

else's insurance policy.  CIC is not seeking a determination from this Honorable Court about whether the alleged tort-feasor was negligent and/or wanton.

"The Court emphasized that federal courts have a virtually unflagging obligation to exercise jurisdiction and, therefore, a federal court may not abstain simply because of parallel proceedings in state court." CHEMERINSKY, § 14.2 (citing Colorado River Water Conservation Distr., 424 U.S. at 817.)  "[T]he pendency of an action in state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Ibid.  The United States District Court of the Middle District of Alabama has jurisdiction of this case by virtue of diversity of citizenship of the parties and the amount in controversy is in excess of $75,000.00 as outlined in 28 U.S.C. § 1332.  In addition, venue is appropriate pursuant to 28 U.S.C. § 1391.

The Court in *Colorado River Water Conservation District*, provides four (4) factors for the federal court judge to consider when determining whether to exercise jurisdiction. The Court stated that the federal courts should consider 1) the problems that occur when the a state and federal court assume jurisdiction over the same res; 2) the relative inconvenience of the federal forum; 3) the need to avoid piecemeal litigation; and 4) the order in which the state and federal proceedings were filed.  Colorado River Water Conservation Distr., 424 U.S. at 818-819.

The Court in *Colorado River Water Conservation District* stated that the referenced four (4) factors are not a checklist but rather guideposts for a balancing of careful consideration of the factors involved.  Ibid. In fact, the Court stated, "[T]he task is to ascertain whether there exists `exceptional` circumstances , the clearest of justifications, that can suffice under *Colorado River* to justify the surrender of that jurisdiction." Id. at 25-26.

Firstly, the federal court will not be assuming jurisdiction over the same res.  The parties to the state court action and to the federal court action are not the same.  CIC does not seek a

determination from the federal court whether the alleged tort-feasor named in the state court action was at fault. CIC seeks a declaration from the federal court that the Swaders are not entitled to UM/UIM benefits under the Prathers' policy of insurance. Such declaration from this court would further judicial economy by obviating CIC's part in the state court proceeding.

Secondly, the federal forum is not an inconvenience as such involvement will further judicial economy.

Thirdly, the federal court will not create piece-meal litigation by exercising jurisdiction over this matter. CIC does not request the federal court to consider the tort which was allegedly committed and which is the subject of the state court action but rather CIC seeks an adjudication of its legal status and liabilities in relation to the Swaders under the Prathers' policy of insurance. There are two separate and distinct causes of action; that is, the state court action is an action based in tort whereas the federal court action is an action based on contractual liability. Only six (6) days ago, the Swaders amended their Complaint to add a bad faith count and to name additional parties. However, such amendment is not timely nor based on fact. The Swaders are not in privity of contract with CIC; therefore, the Swaders have no standing to make such claims. The Swaders are not a party to the federal court action and cannot legally be parties to the federal court action.

Fourthly, the sequence in which the state court action and the federal court action were filed is of no consequence in this action as it does not concern real property or water rights. Donovan, 377 U.S. at 412.

## CONCLUSION

Unquestionably, the decision rendered by this Court in the Declaratory Judgment Action would resolve the controversy. It would further judicial economy. Most importantly, however,

this Court would be abiding by long held and established tenets established by the Supreme Court. The Supreme Court reiterated that a federal court may abstain from exercising jurisdiction only when exceptional circumstances are present. CHEMERINSKY, § 14.2 (citing Colorado River Water Conservation Distr., 424 U.S. at 817.) The mere duplicativeness of parallel state action and federal proceedings is insufficient to justify abstention. Ibid. As a general rule, federal courts may not abstain when there is identical concurrent litigation in state court. Ibid.

    **WHEREFORE, PREMISES CONSIDERED,** Cincinnati Insurance Company respectfully requests this Honorable Court to deny the Prathers' Motion to Dismiss.

                              **RESPECTFULLY SUBMITTED,**

                              s/Jennifer T. Dewees
                              Jennifer T. Dewees (ASB1265S35J)

2001 Park Place Tower
Suite 911
Birmingham, AL 35203
205-251-9958
Jennifer_Dewees@staffdefense.com

                              s/ Michael L. Jackson
                              Michael L. Jackson (ASB-1143-S75M)
                              SJIS No. JAC026

Of Counsel:
Wallace, Jordan, Ratliff & Brandt, L.L.C.
Post Office Box 530910
Birmingham, Alabama 35253
Voice: (205) 870-0555
Fax: (205) 871-7534
E-mail: mlj@wallacejordan.com

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above and foregoing has been electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following on this the 25th day of September, 2006:

Timothy L. Dillard
Dillard and Associates, LLC
The Berry Building, Suite 400
2015 Second Avenue North
Birmingham, Alabama 35203

Steven Bullard
1405 16th Place
Valley, AL 36854
*Service by Mail*

                                          Respectfully Submitted,

                                          S/Jennifer T. Dewees_____
                                          Jennifer T. Dewees, #ASB1265S35J
                                          2001 Park Place North
                                          Suite 911
                                          Birmingham, Alabama 35203
                                          (205) 251-9958
                                          Jennifer_Dewees@staffdefense.com